CASE NO. 23-8065

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

JAYLYN WESTENBROEK; HANNAH HOLTMEIER; ALLISON COGHAN; GRACE CHOATE; MADELINE RAMAR; and MEGAN KOSAR,

Plaintiffs-Appellants

v.

KAPPA KAPPA GAMMA FRATERNITY; MARY PAT ROONEY; and KAPPA KAPPA GAMMA BUILDING CO.,

Defendants-Appellees

On Appeal from the United States District Court
for the District of Wyoming, No. 2:23-cv-00051
The Honorable Alan B. Johnson

APPELLEES' MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION

## DISCLOSURE OF OPPONENT'S POSITION

Counsel for Appellees conferred with counsel for Appellants about the substance of this Motion to Dismiss. Appellants oppose the Motion.

## SUMMARY OF THE ARGUMENT

Appellants appeal a district court order that is not appealable. It is axiomatic that this Court's appellate jurisdiction generally turns on the existence of a final, appealable order. Appellants attempt to appeal the district court's order granting Appellees' Motion to Dismiss Appellants' Amended Complaint. The district court, however, granted that motion *without prejudice*, even offering thoughts on how Appellants might amend the operative complaint, and only dismissed the First Amended Complaint, not the case as a whole. Under this Court's precedent, a dismissal without prejudice that does not dismiss the entire case is not a final appealable order. Appellees therefore move to dismiss pursuant to Federal Rule of Appellate Procedure 27, Local Rule 27.3(A)(1)(a), and 28 U.S.C. § 1291.

## PROCEDURAL BACKGROUND

Appellants filed their Complaint in this case on March 27, 2023 and, following an order denying their request to proceed anonymously, an Amended Complaint on April 20, 2023.[1] (ROA 8.) Appellees moved to dismiss the Amended Complaint with prejudice on June 20, 2023. (ROA 6–7.) On August 25,

---

[1] Appellees' citations to the Record on Appeal filed in the district court are notated as "(ROA __)" with the page number at which the cited reference appears.

2023, the district court granted the Motion to Dismiss, but did so without prejudice. (ROA 14–54.) The district court recognized that Appellees had requested dismissal with prejudice, but as Defendants had not argued futility or otherwise explained why dismissal with prejudice was appropriate, the Court dismissed Plaintiffs' claims without prejudice. (ROA 52–53.) The district court then advised Plaintiffs on what they should do if they wished to submit a Second Amended Complaint. (ROA 52–53.)

Appellants filed their Notice of Appeal on September 25, 2023. (ROA 6.)

## **LEGAL ARGUMENT**

This Court has jurisdiction to review final decisions of the district courts within the circuit. 28 U.S.C. § 1291. "A decision is final when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Eastom v. City of Tulsa*, 783 F.3d 1181, 1184 (10th Cir. 2015) (quoting *United States v. Copar Pumice Co., Inc.*, 714 F.3d 1197, 1204 (10th Cir. 2013)) (internal quotation marks omitted). The Court asks "whether plaintiff[s have] been effectively excluded from federal court under the present circumstances." *Id.* (quoting *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001)). The Court's "general rule is that a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice because the case has not been fully disposed of in the lower court." *Id.*

(quoting *Jackson v. Volvo Trucks N. Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006)).

Here, the district court dismissed all claims without prejudice. (ROA 52–53.) The district court explicitly *rejected* Appellees request to dismiss Appellants' claims with prejudice. (ROA 52–53.) The district court further stated:

> If Plaintiffs wish to amend their complaint, the Court advises Plaintiffs that they devote more than 6% of their complaint to their legal claims against Defendants. It also counsels Plaintiffs to provide more factual detail, where feasible, as well as highlight the Defendant(s) it sues under each count and relevant state statutes and authority. Finally, if provided another opportunity to clarify unclear language within an amended complaint, Plaintiffs should not copy and paste their complaint in lieu of elaboration or legal research that assists the Court in disentangling their claims.

(ROA 53.) In short, the district court plainly did not exclude Appellants from federal court. Thus, the Court should dismiss this appeal for lack of appellate jurisdiction.

## **CONCLUSION**

For the foregoing reasons, Appellees respectfully request that the Court dismiss this appeal for lack of appellate jurisdiction.

Respectfully submitted,

/s/ *Natalie M. McLaughlin*
Natalie M. McLaughlin (Ohio Bar 0082203)
Brian W. Dressel (Ohio Bar 0097163)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio  43215
Telephone:  (614) 464-5452
Facsimile:  (614) 464-5452
E-mail:      nmmclaughlin@vorys.com
             bwdressel@vorys.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify as follows:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). Excluding the parts of the document exempted by Fed. R. App. P. 32(f), the brief contains 616 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). It has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/*Natalie M. McLaughlin*
Natalie M. McLaughlin

## CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS

All required privacy redactions have been made to this document, and with the exception of those redactions, every document submitted in digital form is an exact copy of the written document filed with the clerk. Said document has been scanned for viruses with Trend Micro Apex One Antivirus, version 14.0.12737, which was last updated on October 9, 2023. According to that program is free of viruses.

　　　　　　　　　　　　　　　　　　　/s/*Natalie M. McLaughlin*　　　　　
　　　　　　　　　　　　　　　　　　　Natalie M. McLaughlin

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2023, a true and correct copy of the foregoing Motion to Dismiss for Lack of Appellate Jurisdiction was served through the Court's ECF system upon the following:

Gene C. Schaerr
Schaerr Jaffe LLP
1717 K St. NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

Sylvia May Mailman
20550 Byron Road
Shaker Heights, OH 44122
s.maymailman@gmail.com

/s/*Brian W. Dressel*
Brian W. Dressel